**SO ORDERED.**

**SIGNED this 11 day of January, 2010.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| RAYMOND E. DAVIS, III, | CASE NUMBER:  09-03543-8-RDD |
| DEBTOR | |
| SUSAN DAVIS, | |
| Plaintiff | ADVERSARY PROCEEDING<br>NUMBER: 09-00168-8-RDD |
| v. | |
| RAYMOND E. DAVIS, III, | |
| Defendant | |

ORDER DENYING OBJECTION TO CONFIRMATION
AND DENYING RELIEF FROM THE
<u>AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362</u>

Pending before the Court is the Complaint and Objection to Confirmation of Plan (the "Complaint) filed by Susan Davis (the "Plaintiff") and the Answer filed by Raymond E. Davis (the "Debtor").  Pursuant to the Complaint, the Plaintiff objects to any attempts by the Debtor to discharge the monthly alimony due to the Plaintiff and the attorneys fees awarded to the Plaintiff in connection with the alimony proceeding heard in the Wake County District Court.

On November 25, 2009, the Court entered a consent order where the parties stipulated that there were no issues of fact for determination by this Court.  Furthermore, the parties agreed that the periodic alimony payments awarded to the Plaintiff and a lump sum award of attorney's fees are both domestic support obligations as defined in Section 101(14A) and, therefore, are non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

The Chapter 13 Plan filed by the Debtor recognizes his domestic support obligation to the Plaintiff and also proposes to pay all priority unsecured claims, including the fee of $10,000.00 due to Michael S. Harrell in full. Mr. Harrell, on behalf of the Plaintiff, objects to treatment of his claim under the proposed Chapter 13 plan.  He argues that the $10,000.00 fee should be paid to him from exempt property, such as IRA accounts and retirement funds exempted by the Debtor which are not part of the  bankruptcy estate and requests relief from the automatic stay. The Debtor disagrees and claims that his plan properly classifies Mr. Harrell's attorneys fee claim as an unsecured priority claim and proposes to pay the claim in accordance with the priorities in the Bankruptcy Code.

The Court conducted a hearing on December 15, 2009 to consider the objection to the amended plan and whether the automatic stay should be lifted to allow Mr. Harrell to return to the state court to enforce payment of his fees.

Section 507 establishes the order for priority claims filed in a bankruptcy case.  Section 507(a)(1)(A) provides that domestic support obligations have top priority.  The Debtor's Amended Plan proposes to pay the $10,000 in attorney fees as a domestic support obligation to the Plaintiff as a first priority claim in accordance with Section 1322(a)(2) of the Bankruptcy Code.

2

The Amended Plan provides that the Debtor shall make one monthly payment of $50.00; one monthly payment of $345.00; four monthly payments of $1,277.00; and 53 monthly payments of $1,321.00.  As of the date of the hearing, the Amended Chapter 13 Plan has not been confirmed. However, counsel for the Debtor stated that since the filing of the petition on April 30, 2009, the Debtor has regularly made his chapter 13 plan payments to the trustee.

Assuming the Debtor is current with his payments, the chapter 13 trustee should have approximately $7,845.00 in his trustee account on behalf of the Debtor. This amount is calculated based on the proposed Amended Plan with payments commencing on May 1, 2009. The chapter 13 trustee is hereby directed to distribute all funds currently held on behalf of the Debtor to Mr. Harrell.  Furthermore, the chapter 13 trustee shall distribute all additional plan payments made by the Debtor to Mr. Harrell until the attorney fee award is paid in full.  The claim shall be paid in full on or before April 30, 2010.

Based on the foregoing, the objection to the confirmation of the chapter 13 plan and the request for relief from the automatic stay are both **DENIED**.

The Debtor shall continue to make his proposed chapter 13 plan payments in the amount of $1,321.00.  However, should the Debtor fail to timely make his chapter 13 payments, thereby causing Mr. Harrell's claim not to be paid in full by April 30, 2010, the Plaintiff or Mr. Harrell may request this court to reset these matters for hearing to reconsider the denial of the motion for relief from the automatic stay.

**SO ORDERED.**

**END OF DOCUMENT**